Gregory S. Gewirtz
Gregg A. Paradise
Ryan L. Bergeron
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:    908.654.5000
Fax:    908.654.7866

*Attorneys for Plaintiff Aging at Home, Ltd.*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| AGING AT HOME, LTD., | : | **ECF CASE** |
| | : | |
| Plaintiff, | : | Civil Action No. 2:16-cv-00861 |
| v. | : | |
| | : | |
| AGING HOMECARE REGISTRY LLC, | : | |
| | : | |
| Defendant. | : | |
| | x | |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff Aging at Home, Ltd. ("Plaintiff"), by and through its undersigned counsel, hereby alleges and avers for its complaint against Defendant Aging Homecare Registry LLC ("Defendant") as follows:

**NATURE OF THE SUIT**

1.      This is an action in which, *inter alia*, Plaintiff is seeking relief from the various acts of the Defendant arising under the United States Trademark Laws, 15 U.S.C. §§ 1051 *et seq.*, and related state claims for statutory and common law unfair competition, which arise out of the same nexus of operative facts.

**THE PARTIES**

2.      Plaintiff Aging at Home, Ltd. is a limited liability company organized under the laws of the State of New York, having its principal place of business at 142 Mineola Boulevard, Mineola, New York 11501.

3.      Defendant Aging Homecare Registry LLC is a limited liability company organized under the laws of the State of New York, having its principal place of business at 108 Crystal Avenue, Staten Island, New York 10302.

**JURISDICTION AND VENUE**

4.      This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b), as this action arises under the Trademark Laws of the United States.

5.      This Court has original jurisdiction over the claims of unfair competition pursuant to 28 U.S.C. § 1338(b), as those claims are joined with substantially related claims herein under the Trademark Laws of the United States.

6.      This Court has supplemental jurisdiction over the state law claims of this complaint pursuant to 28 U.S.C. § 1367(a).

7.      Upon information and belief, Defendant is actively engaged in promoting, advertising, marketing, or offering its services and doing business within this judicial district.

8.      Upon information and belief, this Court has and, and at all relevant times has had, personal jurisdiction over Defendant.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claims of this  complaint occurred in this district.

## PLAINTIFF'S DEVELOPMENT OF TRADEMARK RIGHTS

10.     Plaintiff is a New York State licensed and bonded referral agency which refers caregivers to support and provide companion services to senior citizens.

11.     Plaintiff is the owner of, and has used, the trademark AGING AT HOME at least as early as January 5, 1995, as evidenced by U.S. Trademark Registration No. 3,397,798 ("the '798 Registration").

12.     The '798 Registration covers services of "placing companions with senior citizens" ("Elder Care Services") in International Class 45.

13.     Plaintiff's extensive use of the AGING AT HOME mark led to the '798 Registration becoming incontestable.

14.     Plaintiff's strong reputation led to its recognition by the National Association of Social Workers, New York Chapter, as the agency of the year in 2012.

15.     Plaintiff markets its services using the AGING AT HOME mark and prominently displays such mark.

## DEFENDANT'S WRONGFUL ACTS AND EVIDENCE OF LIKELIHOOD OF CONFUSION

16.     Upon information and belief, Defendant is engaged in the business of providing caregivers for the elderly (the patients) who are paid privately and directly by the patients or their families.   These services are substantially the same as the Elder Care Services provided by Plaintiff and associated with Plaintiff's AGING AT HOME mark.

17.     On information and belief, Defendant provides its Elder Care Services using the infringing mark AGING HOMECARE.

18.     Plaintiff learned that Defendant's advertisement and use of the mark AGING HOMECARE in connection with Elder Care Services created confusion with Plaintiff's

registered AGING AT HOME mark.  Plaintiff promptly sent a letter to Defendant on June 24, 2015, to advise that Defendant's use of the AGING HOMECARE mark created confusion and requested that Defendant cease all infringing activities including further use of the AGING HOMECARE mark.

19.      Plaintiff sent additional letters to Defendant, including letters on July 8, 2015, and July 9, 2015, along with a copy of the '789 Registration.  Additional letters were exchanged but Defendant failed to discontinue its infringing use of the AGING HOMECARE mark.

20.      Upon information and belief, Defendant continues to use the infringing AGING HOMECARE mark with Elder Care Services with the intent to confuse and deceive customers that its services are associated with, approved by, or sponsored by Plaintiff.

**FIRST CLAIM FOR RELIEF**
**Infringement Of Registered Trademark In Violation Of 15 U.S.C. § 1114**

21.      Plaintiff repeats and realleges each of the preceding allegations insofar as applicable to this claim.

22.      Defendant's unauthorized use in commerce of the AGING HOMECARE mark in connection with Elder Care Services is likely to cause confusion with Plaintiff's registered AGING AT HOME mark in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

23.      The aforesaid acts of Defendant were committed willfully, knowingly, and in conscious disregard of Plaintiff's rights, thus rendering this case exceptional under 15 U.S.C. § 1117.

24.      The aforesaid conduct of Defendant has caused and, unless restrained by this Court, will continue to cause immediate and irreparable harm to Plaintiff's property and business.

25.      Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## False Designation Of Origin In Violation Of 15 U.S.C. § 1125(a)

26.     Plaintiff repeats and realleges each of the preceding allegations insofar as applicable to this claim.

27.     Defendant's use of the AGING HOMECARE mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

28.     The aforesaid acts of Defendant were committed willfully, knowingly, and in conscious disregard of its legal obligations to Plaintiff.

29.     The aforesaid conduct of Defendant has caused and, unless restrained by this Court, will continue to cause immediate and irreparable harm to Plaintiff's property and business.

30.     Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## Common Law Unfair Competition

31.     Plaintiff repeats and realleges each of the preceding allegations insofar as applicable to this claim.

32.     The aforesaid acts of Defendant constitute unfair competition and unfair business practices by way of palming off and misappropriation of Plaintiff's AGING AT HOME mark contrary to the common laws of the State of New York.

33.     The aforesaid conduct of Defendant has caused and, unless restrained by this Court, will continue to cause, immediate and irreparable injury to Plaintiff's property and business.

34.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant for:

A.      a preliminary and permanent injunction enjoining Defendant and its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, from:

1. using, reproducing, advertising, or promoting the AGING HOMECARE mark, together or individually, or any designations confusingly similar therewith, in connection with the offer or sale of any goods, the use of any domain name, the rendering of any service, or any commercial activity;

2. using, reproducing, advertising, or promoting any mark or name that may be calculated to represent or that has the effect of representing that the products or services of Defendant or any other person are sponsored by, authorized by, or in some way associated with Plaintiff;

3. injuring the commercial reputation, renown, and goodwill of Plaintiff or its AGING AT HOME mark;

4. using or reproducing any word, term, name, symbol, or device, or any combination thereof, which confuses or falsely represents or misleads, is calculated to confuse, falsely represent or mislead, or which has the effect of confusing, falsely representing, or misleading that the activities of Defendant or another are in some way connected with Plaintiff, or is sponsored, approved, or licensed by Plaintiff; and

5. otherwise unfairly competing with Plaintiff;

B.      A declaration that Defendant has infringed Plaintiff's U.S. Trademark Registration No. 3,397,798; and an order requiring Defendant, at the conclusion of this matter, to deliver to

Plaintiff, or destroy, all materials in its possession bearing the AGING HOMECARE mark, together or individually, or otherwise infringing Plaintiff's intellectual property rights;

C.      an accounting to determine Defendant's profits in connection with sales of products or services identified by the AGING HOMECARE mark, together or individually, or use by Defendant of any mark, badge, or designation likely to be confused with the foregoing, and an award to Plaintiff of such profits;

D.      an award of compensatory damages arising out of Defendant's infringement and trebled as provided by 15 U.S.C. § 1117 arising out of Defendant's acts of unfair competition;

E.      an award of punitive damages arising out of Defendant's acts in violation of 15 U.S.C. § 1125(a);

F.      an award of compensatory damages resulting from Defendant's acts of unfair competition and an accounting for an award of all profits realized by Defendant based on the aforesaid act;

G.      an award of punitive damages arising out of Defendant's acts of unfair competition;

H.      an award by the Court to Plaintiff of its reasonable attorney fees and the costs of this action, including those provided by 15 U.S.C. § 1117;

I.      prejudgment and postjudgment interest on the above monetary awards; and

J.      such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. § 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Aging at Home, Ltd.*

Dated:      February 19, 2016            By:     s/  Gregg A. Paradise
                                                  Gregg A. Paradise
                                                  Tel:    908.654.5000
                                                  E-mail:ggewirtz@lernerdavid.com
                                                        gparadise@lernerdavid.com
                                                        rbergeron@lernerdavid.com
                                                        litigation@lernerdavid.com

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 1.6(a) FOR EDNY

The undersigned hereby certifies, pursuant to Local Civil Rule 1.6(a), that with respect to the matter in controversy herein, neither Plaintiff Aging at Home, Ltd., nor its attorneys is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject.

Dated:      February 19, 2016            LERNER, DAVID, LITTENBERG,
                                          KRUMHOLZ & MENTLIK, LLP
                                          *Attorneys for Plaintiff Aging at Home, Ltd.*

                                          By:     s/  Gregg A. Paradise
                                                  Gregg A. Paradise
                                                  Tel:    908.654.5000
                                                  E-mail: ggewirtz@lernerdavid.com
                                                        gparadise@lernerdavid.com
                                                        rbergeron@lernerdavid.com
                                                        litigation@lernerdavid.com